UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ABDUL HALIM FARUQ,

                         PLAINTIFF,

                         v.

STATE UNIVERSITY OF NEW YORK, ERIE
COMMUNITY COLLEGE,

                         DEFENDANT.

**COMPLAINT**

Civil Action No.

Plaintiff Abdul Halim Faruq ("Plaintiff" or "LTC Faruq") alleges as follows:

## PARTIES

1. The Plaintiff, Abdul Faruq, is a natural person with a mailing address at P.O. Box 31, Gasport, NY 14607.

2. On information and belief, Defendant Erie County ("Defendant" or "the County"), is public entity with offices located at 6205 Main St., Williamsville, NY, 14221.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 42 U.S.C. §1983, The ADA, the ADEA and USERRA.

4. Defendant is subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

1

**FACTUAL BACKGROUND**

5. Abdul Harim Faruq is a retired Lieutenant Colonel in the United States Army Medical Service Corps, having served 27 years, honorably.

6. LTC Faruq's service included deployment to Ground Zero/World Trade Center as a search and rescue team leader after the attacks.

7. As a consequence of his service, he is rated as a 100% permanent and total disabled veteran requiring daily doses of medication to support his lungs.

8. These disabilities also constitute disabilities under the ADA.

9. At the time LTC Faruq filed his initial complaint to the DHR and EEOC he was 66 years old.

10. LTC Faruq began his employment with New York State in June 1977.

11. LTC Faruq back began his employment with Erie Community College on or about January 25, 1988.

12. LTC Faruq's last held position with Erie community college was as a tenured nonteaching faculty member, with the title of Principal Counsel.

13. During the Covid 19 pandemic after Defendant had resumed on-site instruction LTC Faruq requested, as a reasonable accommodation for my disabilities, the ability to work remotely starting on January 14, 2021.

14. On April 12, 2021 LTC Faruq renewed his request for reasonable accommodation.

15. On April 28, 2021 LTC Faruq received correspondence from Ms. Wagner, HR representative for Defendant, notifying him that his request for accommodation was denied.

16. Plaintiff was ordered to return to work on August 2, 2021.

17. At that time, Defendant had policies in place requiring continued social distancing and the wearing of masks.

18. LTC Faruq realized that many of his clients were not conforming to these requirements.

19. He understood this to be very dangerous for him.

20. LTC Faruq's disabilities rendered him "high risk" for Covid 19 because of his multiple and severe comorbidities.

21. LTC Faruq notified Defendant of his disabilities, his high-risk status, and his specific comorbidities in communications from both himself and his physicians.

22. LTC Faruq notified Defendant of these health risks and renewed his request for reasonable accommodations on August 11 and August 16, 2021.

23. Subsequently, LTC Faruq was suspended without pay for 30 days, culminating in his termination in October 2021.

24. LTC Faruq's last day of employment was identified as October 15, 2021.

25. Therefore, Defendant suspended LTC Faruq, a 33-year tenured employee, less than one month after renewing his request for reasonable accommodation and terminated his employment less than two months later.

26. LTC Faruq maintains that this close temporal proximity constitutes powerful evidence defendant was attempting to terminate him because of his disability, his request for accommodation, his military status and/or his age.

27. During the short time that LTC Faruq was working back in the office he been subjected to multiple comments by his unit supervisor he was "technologically challenged" and that he "lacked a willingness to learn new technologies."

28. LTC Faruq maintains that these statements are code for 'too old to learn new things,' much like the adage 'you can't teach an old dog new tricks.'

29. For the foregoing reasons, LTC Faruq alleges that defendant unlawfully suspended him without pay and terminated his employment because of his disability, his request for accommodation, his military status and/or his age.

**FIRST CAUSE OF ACTION**
**Violation of the ADA**

30. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

31. The *prima facie* elements of discrimination claims under the ADA are "not onerous."[1] A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of discriminatory intent.[2] A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[3]

**Element 1) Protected Class**

32. LTC Faruq, as a consequence of his military service, is rated as a 100% permanent and total disabled veteran requiring daily doses of medication to support his lungs.

33. These disabilities also constitute disabilities under the ADA.

**Element 2) Adverse Actions**

34. LTC Faruq was suspended without pay for 30 days on or about September 14, 2021.

---

[1] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[2] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).
[3] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

4

35. Subsequent to this suspension LTC Faruq was terminated in October 2021.

36. LTC Faruq's last day of employment was identified as October 15, 2021.

37. On April 28, 2021 LTC Faruq received correspondence from Ms. Wagner, HR representative for Defendant, notifying him that his request for accommodation was denied.

**Element 3 (a) Plaintiff was qualified for the job**

38. LTC Faruq back began his employment with Erie Community College on or about January 25, 1988.

39. LTC Faruq's last held position with Erie community college was as a tenured nonteaching faculty member, with the title of Principal Counselor.

40. Thes facts demonstrate that LTC Faruq was qualified to perform his job.

**Element 3 (b) Plaintiff's work was still being performed**

41. Upon information and belief Plaintiff's work is still being performed.

42. These four elements, taken together, constitute a *prima facie* case under *McDonnell Douglas*, raising both an inference AND a presumption that discrimination on the basis of disability was the real reason for Defendants adverse acts against Plaintiff.

## SECOND CAUSE OF ACTION
## Retaliation Violation of the ADA

43. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

44. The *prima facie* elements of retaliation claims under the ADA are "not onerous."[4]  A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of

---

[4] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]

discriminatory intent.[5] A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected activity, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[6]

**Element 1) Protected Activity**

45. During the Covid 19 pandemic after Defendant had resumed on-site instruction LTC Faruq requested, as a reasonable accommodation for my disabilities, the ability to work remotely starting on January 14, 2021.

46. On April 12, 2021 LTC Faruq renewed his request for reasonable accommodation.

47. On April 28, 2021 LTC Faruq received correspondence from Ms. Wagner, HR representative for Defendant, notifying him that his request for accommodation was denied.

48. Plaintiff was ordered to return to work on August 2, 2021.

49. At that time, Defendant had policies in place requiring continued social distancing and the wearing of masks.

50. LTC Faruq realized that many of his clients were not conforming to these requirements.

51. He understood this to be very dangerous for him.

52. LTC Faruq's disabilities rendered him "high risk" for Covid 19 because of his multiple and severe comorbidities.

53. LTC Faruq notified Defendant of his disabilities, his high-risk status, and his specific comorbidities in communications from both himself and his physicians.

---

[5] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).
[6] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

54. LTC Faruq notified Defendant of these health risks and renewed his request for reasonable accommodations on August 11 and August 16, 2021.

**Element 2) Adverse Actions**

55. LTC Faruq was suspended without pay for 30 days on or about September 14, 2021.

56. Subsequent to this suspension LTC Faruq was terminated in October 2021.

57. LTC Faruq's last day of employment was identified as October 15, 2021.

58. On April 28, 2021 LTC Faruq received correspondence from Ms. Wagner, HR representative for Defendant, notifying him that his request for accommodation was denied.

**Element 3 (a) Plaintiff was qualified for the job**

59. LTC Faruq back began his employment with Erie Community College on or about January 25, 1988.

60. LTC Faruq's last held position with Erie community college was as a tenured nonteaching faculty member, with the title of Principal Counselor.

61. Thes facts demonstrate that LTC Faruq was qualified to perform his job.

**Element 3 (b) Plaintiff's work was still being performed**

62. upon information and belief Plaintiff's work is still being performed.

63. These four elements, taken together, constitute a *prima facie* case under *McDonnell Douglas*, raising both an inference AND a presumption that retaliation on the basis of Plaintiff's request for accommodations were the real reason for Defendants adverse acts against Plaintiff.

64. LTC Faruq notified Defendant of these health risks and renewed his request for reasonable accommodations on August 11 and August 16, 2021.

65. Subsequently, LTC Faruq was suspended without pay for 30 days, culminating in his termination in October 2021.

66. LTC Faruq's last day of employment was identified as October 15, 2021.

67. Therefore, Defendant suspended LTC Faruq, a 33-year tenured employee, less than one month after renewing his request for reasonable accommodation and terminated his employment less than two months later.

68. LTC Faruq maintains that this close temporal proximity constitutes powerful evidence defendant was attempting to terminate him because of his disability, his request for accommodation, his military status and/or his age.

### THIRD CAUSE OF ACTION
### Violation of the ADEA

69. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

70. The same *prima facie* case in the ADA cause of action applies under the ADEA.

71. Thus, those four elements, taken together, constitute a *prima facie* case under *McDonnell Douglas*, raising both an inference AND a presumption that discrimination on the basis of Plaintiff's age were the real reason for Defendants adverse acts against Plaintiff.

72. In addition, the multiple comments by his unit supervisor he was "technologically challenged" and that he "lacked a willingness to learn new technologies" ss code for 'too old to learn new things,' much like the adage 'you can't teach an old dog new tricks,' constitute additional evidence of age bias, beyond that of the *prima facie* case.

## FOURTH CAUSE OF ACTION
### Violation of the USERRA

73. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

74. The same *prima facie* case in the ADA cause of action applies under the USERRA

75. Thus, those four elements, taken together, constitute a *prima facie* case under *McDonnell Douglas*, raising both an inference AND a presumption that discrimination on the basis of Plaintiff's Military Status/Service were the real reason for Defendants adverse acts against Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter an Order:

A.   Awarding Plaintiff past lost wages and benefits in an amount to be determined at trial and ordering Defendant to reinstate plaintiff to the appropriate seniority that he should have had but for Defendant's illegal acts;

B.   Awarding Plaintiff damages for his pain, suffering, loss of enjoyment of life, humiliation, and other injuries in an amount to be determined at trial;

C.   Directing Defendants to pay all unreimbursed medical costs incurred by Plaintiff as a result of the stress and anxiety resulting from the discrimination he suffered and the hostile working conditions he endured, including diagnostic analysis, treatment and therapy, and follow up therapy;

D.   Defendant to pay Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements;

F.   Plaintiff to have such other and further relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Dated: April 17, 2024

Respectfully submitted,
Plaintiff
By his Attorneys

| | |
|---|---|
| s/*Lindy Korn*<br>Lindy Korn, Esq.<br>*Attorney for Plaintiff*<br>The Law Offices of Lindy Korn<br>Electric Tower<br>535 Washington Street, Ninth Floor<br>Buffalo, New York 14203<br>Telephone: (716) 856-5676<br>Facsimile: (716) 507-8475<br>LKorn@LKorn-law.com | s/ *Richard J. Perry*<br>Richard J. Perry, Esq.<br>*Attorney for Plaintiff*<br>The Law Offices of Lindy Korn<br>Electric Tower<br>535 Washington Street, Ninth Floor<br>Buffalo, New York 14203<br>Telephone: (716) 856-5676<br>Facsimile: (716) 507-8475<br>RPerry@LKorn-law.com |