UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ABDUL HALIM FARUQ,

Plaintiff,

vs.

STATE UNIVERSITY OF NEW YORK,
ERIE COMMUNITY COLLEGE

Defendant.

DECISION AND ORDER

1:24-CV-358-MAV

## INTRODUCTION

Plaintiff Abdul Halim Faruq filed this action against Defendant(s) State University of New York, Erie Community College alleging violations of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). ECF No. 1. The matter is presently before the Court on the State University of New York's ("SUNY") motion to dismiss the complaint. ECF No. 12. For the reasons that follow, SUNY's motion to dismiss Plaintiff's complaint is granted.

## BACKGROUND

The following factual allegations are taken from the complaint (ECF No. 1), which the Court accepts as true for the purpose of ruling on the motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

Plaintiff is a retired Lieutenant Colonel in the United States Army Medical Service Corps. ECF No. 1 at 2.[1] Plaintiff's deployment included serving as a search

[1] The page numbers cited in this Decision and Order refer to the pagination inserted by the Court's

and rescue team leader at the World Trade Center Ground Zero. *Id.* As a result of impairments he developed during his service, he is "rated as a 100% permanent and total disabled veteran" and "require[es] daily doses of medication to support his lungs." *Id.*

According to the complaint, Plaintiff began his employment with New York State in June 1977 and his employment with Erie Community College ("ECC") "on or about January 25, 1988." *Id.* During the Covid-19 pandemic, after ECC resumed in-person instruction, Plaintiff requested the ability to work remotely starting on January 14, 2021. *Id.* Plaintiff requested to work from home as an "accommodation for [his] disabilities" which "rendered him 'high risk' for Covid-19 because of his multiple and severe comorbidities." *Id.* at 2–3. At the time, although ECC had policies requiring mask wearing and social distancing, Plaintiff "realized that many of his clients were not conforming to these requirements." *Id.* at 3. Plaintiff notified ECC of his disabilities, high-risk status and comorbidities. *Id.*

On April 12, 2021, Plaintiff renewed his request for a work from home accommodation. *Id.* at 2. On April 28, 2021, HR representative Ms. Wagner notified Plaintiff that his request was denied, and he was told to return to work on August 2, 2021. *Id.* While Plaintiff was working in-office, his unit supervisor made multiple comments that he was "'technologically challenged' and that he 'lacked a willingness to learn new technologies.'" *Id.*

Plaintiff renewed his request for accommodation on August 11th and August

CM/ECF system in the upper right-hand corner of the document.

16, 2021. *Id.* at 3. On or about September 14, 2021, Plaintiff was put on suspension without pay for thirty days and terminated on October 15, 2021. *Id.* at 3–4.

On April 17, 2024, Plaintiff filed the complaint, identifying Defendant as State University of New York, Erie Community College.[2] *Id.* at 1. On June 20, 2024, an affidavit of service for complaint and summons served on "State University of New York, Erie College" was filed. ECF No. 3. On January 9, 2025, Plaintiff filed a motion for leave to file an affidavit of service, which was granted. ECF Nos. 4–5. Hon. Judge Vilardo extended Plaintiff's deadline for filing an affidavit of service on or before February 13, 2024. ECF No. 5.

On February 13, 2025, affidavits of service for SUNY and ECC were filed showing service of the complaint and summons to the Buffalo regional office of the Attorney General for New York State. ECF Nos. 8, 9. SUNY moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. ECF No. 12.

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "is to test . . . the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis omitted). An action must be dismissed under Rule 12(b)(6) "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . ." *Bell Atl.*

---

[2] The complaint states under the heading "Parties": "Defendant Erie County ('Defendant' or 'the County'), is a public entity with offices located at 6205 Main St., Williamsville, NY 14221." ECF No.1 at 1. Erie County was not served as a defendant in this action.

*Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To survive a motion to dismiss under Rule 12(b)(6), on the other hand, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Where a plaintiff's factual allegations are "merely consistent with" a defendant's liability, those allegations "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). Moreover, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) (citation and internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"The standard for reviewing a 12(b)(1) motion to dismiss is essentially identical to the 12(b)(6) standard, except that '[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 286 (E.D.N.Y. 2013) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Andrews v. Town of W. Seneca*,

No. 21-CV-746-LJV, 2025 WL 959658, at *6 (W.D.N.Y. Mar. 31, 2025) (quoting *Makarova*, 201 F.3d at 113).

## DISCUSSION

### 1. SUNY and ECC Are Distinct Legal Entities

SUNY states in its motion to dismiss that SUNY and ECC are separate entities. ECF No. 12-1 at 2. As such, "SUNY is currently the only party served and represented in this matter. The New York State Office of Attorney General does not represent ECC." *Id.* at 2 n.1. In his reply to SUNY's motion to dismiss, Plaintiff argues that "SUNY ECC is a part of SUNY by operation of statute . . . ." ECF No. 15 at 6. In other words, Plaintiff argues ECC is part of SUNY as incorporated in New York Education Law § 352, whereas SUNY argues ECC is a community college as defined in New York Education Law § 350(2). The Court agrees with SUNY.

The Second Circuit has stated, "New York law defines 'community colleges' as '[c]olleges established and operated pursuant to the [New York Education Law] . . . and receiving financial assistance from the state.'" *Leitner v. Westchester Cnty. Coll.*, 779 F.3d 130, 132 (2d Cir. 2015) (quoting N.Y. Educ. Law § 350(2)). "[D]espite being governed by state education law and receiving financial assistance from the state, community colleges are, under New York law, distinct legal entities." *Drehmer v. New York State*, No. 20-CV-6143 (CJS), 2020 WL 6205690, at *4 (W.D.N.Y. Oct. 22, 2020).

As *Drehmer* discusses, community colleges that were similarly situated were found to be distinct legal entities from SUNY. *Id.* Such colleges were within the SUNY system and were governed by a board separate from the SUNY board. *Id.* That board,

pursuant to New York Education Law § 6306, appoints the college President, adopts the curriculum, and prepares the annual budget, subject to the approval of the SUNY board. *Id.*

Here, ECC is similarly situated. The Erie County charter[3] creates ECC "[a]s authorized and set forth in Article 126 of the Education Law of the State of New York . . . governed by a Board of Trustees" pursuant to New York Education Law § 6306 separate from the SUNY Board. Erie County Charter § 2301. New York Education Law § 6306 is specifically for the governing of community colleges. N.Y. Educ. Law § 6306. New York Education Law § 6306 vests the ECC board with all the powers and responsibilities examined in *Drehmer*. *Id.* Thus, ECC is a separate legal entity from SUNY.

**2. SUNY's Sovereign Immunity under the Eleventh Amendment**

"The Eleventh Amendment generally bars suits in federal court by private individuals against non-consenting states." *Leitner*, 779 F.3d at 134. This immunity encompasses "certain actions against state agents and instrumentalities . . . ." *Id.* The Second Circuit has held that "SUNY itself is entitled to sovereign immunity because it is 'an integral part of the government of the State.'" *Id.* at 136 (quoting *Dube v. State University of New York*, 900 F.2d 587, 594 (2d Cir. 1990).

Plaintiff has not pled any facts that SUNY has consented to suit in this case. As such, SUNY's motion to dismiss is granted on sovereign immunity grounds.

---

[3] *See, e.g. Lewis v. Livingston Cnty. for Nursing & Rehabilitation*, 30 F. Supp. 3d 196, 203 (W.D.N.Y. 2014) (taking judicial notice of a county resolution).

**3. Time Limit for Service**

As of the date of this Decision and Order, ECC has not appeared in the action, nor does it appear that it has been properly served with a copy of the complaint. *See* ECF No. 9 (showing service of the complaint and summons to ECC at New York State Office of the Attorney General's regional office in Buffalo, the affirmation of which indicates that the person receiving service indicated she was authorized to accept on behalf of ECC). As stated above, SUNY and ECC are separate legal entities, and the New York State Office of the Attorney General does not represent ECC. ECF No. 12-1 at 2. ECC has not joined SUNY's motion to dismiss.

Since more than ninety days have passed since February 13, 2024, pursuant to Federal Rule of Civil Procedure 4(m), the Court orders service be made as to ECC on or before November 30, 2026, and promptly file proof of service. If Plaintiff does not complete service on or before November 30, 2026, the Court will dismiss Plaintiff's complaint without prejudice for lack of service, unless Plaintiff identifies circumstances demonstrating good cause for an extension.

## CONCLUSION

For the foregoing reasons, it is hereby,

ORDERED that SUNY's motion to dismiss [ECF No. 12] is GRANTED; and it is further

ORDERED that Plaintiff's claims as to SUNY are DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff must complete service to ECC on or before November

30, 2026; and it is further

ORDERED that the Clerk of the Court is directed to amend the caption of the case, removing SUNY.

SO ORDERED.

Dated: October 27, 2026
Rochester, New York

ENTER:

HON. MEREDITH A. VACCA
United States District Judge